*Robert T. Scott* and *Joseph Purkey*, for defendant in error.

---

## PERJURY IN OBTAINING A MARRIAGE LICENSE.

[Circuit Court of Cuyahoga County.]

GEORGE FIELD v. THE STATE OF OHIO.

Decided, January 21, 1907.

*Criminal Law—Perjury—In Obtaining a Marriage License—Number of Times Previously Married a Material Question—Construction of the Phrase "and Shall also State"—Section 6390.*

Section 6390, Revised Statutes of Ohio, requires that an applicant for a marriage license state *under oath* the number of times he has been previously married, and a false statement with reference thereto, given under oath, warrants a conviction for perjury.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

At the last term of the common pleas court the plaintiff in error was convicted of perjury, and now brings this action to reverse the judgment of said court.

It appears that plaintiff in error had been twice married and divorced, when, on the 6th day of March, 1905, he applied to the probate judge of Cuyahoga county for a license, so that he might be married a third time, and made answer to certain questions propounded to him in writing, one of which questions was as follows: "Number of times previously married?" His answer to this question was, "None." It is conceded that this answer was untrue. Some claim is made that Field did not make the

statement in his application under oath, but as we are of the opinion that the bill of exceptions does not bear out this claim, and that the jury was warranted in finding that he did swear to his application, no further consideration will be given to this claim.

However, by proper exceptions, plaintiff in error has brought before this court his further claims that the law does not require that the particular question he answered falsely should be answered under oath, and that if it does, the fact falsely stated was not material, and, therefore, no ground for conviction under the statute on perjury.

These claims are based upon a literal reading of the statute regulating the issuance of marriage licenses, which seems to give color to such claims. The law referred to is Section 6390 of the Revised Statutes, and was enacted April 25, 1898 (93 O. L., 309), as an amendment of the former act found in 82 O. L., 202.

The present law, in the parts material to this case, reads as follows:

"Every person applying for a marriage license, as aforesaid, shall state upon oath, the name, age, residence, place of birth, occupation, father's name, if known, and the mother's maiden name, of each of the parties to such contemplated marriage, and shall also state the number of times either party has been previously married, and in case the bride is a widow, or a divorced woman, her married name shall also be stated, and in addition the name of the person who is expected to solemnize the marriage shall be stated, and if the judge shall be satisfied there is no legal impediment thereto, then he shall grant such marriage license; * * * if any of the persons intending to marry shall be under age, and shall not have had a former wife or husband, the consent of the parents or guardians shall be personally given before the judge, * * * and the judge is hereby authorized to administer any oath (herein) required, and thereupon issue and sign such license, * * * if any judge shall, in any other manner, issue or sign any marriage license, he shall forfeit and pay a sum not exceeding one thousand dollars, to and for the use of the party aggrieved."

Because the law says the applicant shall state under oath certain things, enumerating them, and then proceeds, "and shall also state" certain other things, among them the number of

times either party has been previously married, it is urged that the things he "shall also state," need not be "under oath," because those words are not repeated in the latter clause of the statute. This point is one which an astute lawyer would make, while it would not occur to the casual reader, and thus arises an ambiguity in the statute, which requires construction.

A primary rule in construction and interpretation of statutes is that the intention of the law-makers must be ascertained. Where there is ambiguity in any part of the law, the intent must be derived from the whole, and as aids in this search, we may consider repealed statutes. Lewis' Sutherland on Statutory Construction, paragraph 452.

Let us look at the former repealed law, 82 O. L., 202. That started out as follows:

"The probate judge as aforesaid, *may* inquire of the party applying for a marriage license, as aforesaid upon oath, relative to the legality of such contemplated marriage, and if the judge shall be satisfied that there is no legal impediment thereto, then he shall grant such marriage license," etc.

Manifestly, under the former law, the probate judge was not required to put the applicant upon oath, nor was it provided what inquiries he should make of him. Possibly, if he did ask the applicant to answer certain questions under oath, and relying upon the answer so given, issued a license, he would be protected from the penalty which then, as now, he was liable to, if he issued a license to one not entitled to it. But how would the case be if a legal impediment existed to the marriage, and the probate judge neglected to make any inquiry on that point?

The present law specifically requires certain statements to be made. One of those statements is as to whether the applicant has been previously married. If the applicant is under age, the consent of his parents is required, but if the applicant is a minor who has been previously married, such consent is not required. How is the probate judge to ascertain the fact? He takes the statement of the applicant. If that statement is under oath, the probate judge may act upon it, for the staute now reads: "The judge is hereby authorized to administer any oath (herein) *required* and *thereupon* issue and sign such license." If he is-

sues a license to a minor, who has never been married before, without the consent of his parents, he is liable to the penalty provided by the statutes. But doubtless there would be no irregularity in issuing a marriage license to a minor who had been previously married, and if this statute authorizes such fact to be elicited by oath of the applicant, then the probate judge need inquire no further.

Such, we think, was the intention of the Legislature, and so we hold that Section 6390 requires all the statements therein mentioned to be made upon oath.

We also hold that the statement as to the number of times the applicant had been previously married is material. The Legislature having required the statement to be made, leaves no discretion in the probate judge as to submitting it, no matter what the answers to other questions might be.

Again, suppose the applicant should state that he had been married before. That would put the probate judge upon inquiry to ascertain whether such former wife was dead or divorced, and as to these further matters, there is no statute which authorizes the probate judge to rely upon the oath of the applicant, but the judge must still determine whether there is a legal impediment to the marriage. Suppose the applicant says, I have been married, but am now divorced That he is now divorced is a legal conclusion, and a careful probate judge would then answer: "Bring in a certificate to that effect from the court which divorced you, and I will then issue a license to you."

Further, it is material that the probate judge be advised as to the number of times the applicant had been married previously, for otherwise he might evasively answer that he had been married before and been divorced, which might be true as to one previous marriage, but not as to another.

Judgment affirmed.

*G. F. Shaver*, for plaintiff in error.